IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RORY TUCKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1001-SMY |
| | ) |
| ERIC WILLIAMS (WARDEN), | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Rory Tucker filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Specifically, Tucker argues that following *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction and sentence should be vacated. Respondent moves to dismiss the Petition on the basis that *Davis* is a constitutional case, and as such, Tucker cannot meet the criteria to bring his claim under § 2241. (Doc. 19). For the following reasons, Respondent's motion is **GRANTED**.

## Background

Tucker was convicted by a jury of conspiracy to commit armed bank robbery, to commit robbery and to carry and use a firearm during and in relation to and to possess a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 371 (Count 1), armed bank robbery in violation of 18 U.S.C. § 2113(a) (Count 8), and carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count 9). *See United States v. Williams*, Case No. 06-cr-20032-JES-DGB-5 (C.D. Ill.). He was sentenced to 60 months imprisonment on Count 1, 137 months on Count 8, and 84 months on Count 9, to be served consecutively for a total of 221 months. *Id.* at Doc. 181. In April 2004, Tucker filed an unsuccessful habeas petition under 28

U.S.C. § 2255 alleging ineffective assistance of counsel (Doc. 384).  *U.S. v. Tucker,* Case No. 2:10-cv-02129-MPM-DGB (C.D. Ill.).

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Therefore, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him.  *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241.  Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); s*ee United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  Under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255.  *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, the Seventh Circuit has enunciated developed a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause: (1) The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive §

2255 motion); (2) The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and (3) A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."  *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

Here, Tucker's Petition fails to satisfy the first *Davenport* condition.  He relies on *Davis*, which held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  Because *Davis* is a case of constitutional interpretation, a claim based on that decision could be raised in a successive § 2255 motion if permission is timely sought and obtained.  Tucker's claim, however, cannot be pursued in a § 2241 petition under the "savings clause."

Accordingly, Respondent's Motion to Dismiss the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 19) is **GRANTED**.  Tucker's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** to Petitioner pursuing his claim pursuant to 28 U.S.C. § 2255 in the proper court.  The Clerk is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:**  September 23, 2021

*[signature]*

**STACI M. YANDLE**
**United States District Judge**